JOHN L. ANNAN, Plaintiff in Error, *vs.* WARD W. FOLSOM, Defendant in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The certificate of a Notary Public to the acknowledgment of a deed is not conclusive evidence of the facts certified by him, but the same may be rebutted by proof.

F. executed, acknowledged and delivered a mortgage upon certain real estate belonging to his wife. The wife signed the mortgage and the Notary certified that she acknowledged the same on a private examination, separate and apart from her husband. The facts proved that she had never in any manner acknowledged the same, and that she had never received any part of the consideration named in the mortgage. *Held*, that the acknowledgment on the part of the wife, required by statute, is an essential part of the execution of the instrument, without which no interest in the estate passes, and without such acknowledgment the mortgage is invalid so far as the separate estate of the wife is concerned. See *Dodge vs. Hollinshead, ante, p.* 25.

### Points and Authorities for Plaintiff in Error.

The certificate of the acknowledgment to a deed affixed thereto by an officer empowered to take acknowledgments, and regular upon its face, is conclusive evidence of the matters contained therein, and cannot be aided or disproved by parol testimony. 44 *Maine*, 25; 4 *Greenleaf's Cruise on Real Property*, title 32, ch. 2, sec. 24, note 1; 3 *Whart.*, 457; 1 *Tayl.* 139; 6 *Blackf.*, 475; 1 *Har. & McHen.*, 211; 3 *ib.*, 321; 6 *J. J. Marsh*, 532; 6 *Texas*, 208; 26 *Eng. L. & Eq.*, 508; 30 *ib.*, 543, *and note.*

II.—As between parties to a mortgage the certificate of acknowledgment is unnecessary to its validity, provided its execution and delivery be proved. 28 *Barb.*, 421; 3 *McLean*, 362; 2 *Black.*, 32; 4 *Green.*, 82; 7 *Shepley*, 413; 5 *B. Monroe*, 471; 5 *Blackf.*, 92; 13 *N. H.*, 389; 12 *Met.*, 157; 2 *Foster*, 468; 6 *Mass.*, 24; 21 *Miss..* 307; 5 *Cal.*, 315; 17 *Barb.*, 662.

III.—Under our statute a *feme covert* has all the ability of a *feme sole* to acquire, hold and alien her estate with the single exception that she shall not alienate her lands without the consent of her husband. *Pub. Stat.*, ch. 5, sec. 2; *ib.*, ch. 61, *section* 105. And it is questionable if she could not exercise these rights without the aid of the statute. *Blackstone's Com.*,

*vol.* 1, *book* 2, (*Chitty*) *p.* 236, *note* 12, *and the authorities there cited; Adams' Eq., p.* 45, *and authorities there cited; Willard's Eq. Jur., p.* 643.

And there seems to be no good reason why a married woman, after all her disability to hold and convey real estate is removed, with the exception that she must have her husband's consent, should stand in any different position as to the rights and liabilities from that of a *feme sole* as men generally, with that exception.

In this case the Defendant asks the Court to adopt the novel principle that a *feme covert* may act negligently and carelessly in regard to her separate property, and in such a manner as to induce other and innocent parties to part with their property on the strength of her acts, and when such parties claim their legal rights, which they have every reason to believe she has given them, and upon the strength of which they have acted, the plea of the disability of coverture shall be a bar to them all. There is no pretence of fraud or imposition in this case, and it would be strange if the disabilities of coverture or infancy could be used to shield parties from their legal and assumed liabilities. 4 *Barb.*, 553, *Strong vs. Skinner.*

Points and Authorities for Defendant in Error.

I.—The execution of the mortgage by Sydnia Folsom, the wife, is expressly denied and put in issue by the pleadings, and the evidence shows, and the Court below finds as a fact, that she did not execute it.

1st. Because the mortgage was not executed by her in the presence of two subscribing witnesses, nor in the presence of any witness, as is required by the statute, *page* 398, *sec.* 8.

2d. Because there was no acknowledgment taken of the said wife Sydnia to the said mortgage by any one. *Statute, page* 395, *sec.* 44, *entitled of* "*Powers;*" 5 *Curtis' Decisions U. S. Sup. Ct., p.* 173, *Clark vs. Graham;* 6 *Wheat., p.* 377; 6 *Bacon's Abridgement, p.* 377; 1 *Hill, p.* 121, *Gillet vs. Stanley;* 4 *Mich., p.* 567, *Dewey vs. Campow;* 16 *John., p.* 113, *Jackson vs. Stevens;* 20 *ib., p.* 301, *Jackson vs. Cairus;* 8 *Cow.*

*page* 277, *Doe vs. Howland;* 17 *Wend.,* *page* 540, *People vs. Galloway;* 13 *Conn., page* 192, *Sinsley vs. Brown;* 2 *Hill., p.* 240, *Constantine vs. Van Winkle;* 12 *Ohio, page* 364, *Good vs. Zercher;* 1 *Hill. on Real Property, page* 89, *and notes;* 1 *Manning,* 383.

II.—The certificate of acknowledgment is not conclusive that the instrument was so acknowledged; the evidence which the certificate furnishes is *exparte,* and its validity may be enquired into, and disproved, by any party affected by it. See *Statute, ch.* 36, *sec.* 26, *p.* 400; 4 *Johnson, page* 162, *Jackson vs. Schoonmaker;* 12 *Johnson, page* 472, *Jackson vs. Hayner;* 2 *Wend.,* 317; 24 *Wend., p.* 91, 92, *Thurman vs. Cameron.*

SANBORN & LUND, Counsel for Plaintiff in Error.

M. E. AMES, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—This was an action of forcible entry and detainer, brought by the Plaintiff in Error before a Justice of the Peace, to recover the possession of certain premises claimed by the Plaintiff as the purchaser at a public sale upon a mortgage foreclosure by advertisement. The Justice rendered judgment of restitution of the premises in favor of the Plaintiff, from which Defendant appealed to the District Court of Ramsey county. A jury trial having been waived, the cause was tried by the Court, and the following among other facts, were found by the Court, viz. :

That at the time of the giving the mortgage upon the premises in question, Sydnia Folsom, wife of the Defendant Ward W. Folsom, was lawfully seized in fee simple, and owned in her own right, and free from the control of her said husband the lots described in the mortgage; that the Plaintiff in Error caused the mortgage to be prepared, and that said Defendant affixed his own signature to said mortgage, and Sydnia Folsom, at the request of said Defendant, also affixed her signature to the same without being informed by any one, and without any knowledge of the contents or nature of said mortgage, and of the fact that it in any way related to her said separate estate; that said Defendant then took said mortgage so signed by himself and wife to a Notary

Public, and said Notary Public affixed his name and seal of office to the acknowledgment thereof, and did also, with one F. A. Rouleau, sign said mortgage as subscribing witnesses; that said Sydnia Folsom never in any form or manner acknowledged the execution of said mortgage, and never even saw the said Notary Public nor the said F. A. Rouleau, or knew that such instrument had been so executed, until long after the delivery of the same to Plaintiff in Error, and never in any way assented to said execution of said instrument, nor did any act whatever in relation to the execution of the same, except to affix her signature thereto as aforesaid.

Upon these facts the Court held the mortgage void and rendered judgment for Defendant. As the Court had occasion to pass upon precisely the same state of facts in the case of *Dodge vs. Hollinshead* decided at the present term, it is unnecessary to enter upon any further discussion of the question in this case.

The judgment below is affirmed.